IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE E. CASTILLO MENDEZ | Criminal Number 06-000222-2ML |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(E)**[1]

The Government objects to Defendant Mendez's factual representations in his Motion for Return of Property and objects to his demand for the return of $4,000 and $120. No currency was seized from Defendant's residence. The Government does not object to the return of the two passports, driver license, and identification certification (the latter two of which are presumed to be the Dominican Republic identifications seized from Defendant's person). Below the Government sets forth the pertinent facts and attaches supporting evidence.

As set forth in his report, on the evening of February 30, 2006, Special Federal Officer Michael Dicomities ("SFO Dicomities") searched Defendant. *See* Ex. 1 (SFO Dicomities's Report). In Defendant's coat pocket, SFO Dicomities found a cellular telephone, a ledger, and a piece of paper with telephone numbers. *See id.* SFO Dicomities seized these items. *See id.* Defendant does not seek the return of these items, and the Government needs to retain these particular items for ongoing investigations and possibility as evidence for future trials.

Later on that same evening, a federal agent sought and received consent from Ruth Sanchez (referred to by Mendez in his Motion as his "wife Ruth Castillo") to search a

[1] The Government treats Defendant's Motion as a motion for return of property under Rule 41(g), not 41(e), of the Federal Rules of Criminal Procedure.

residence. *See id.* This is the residence Defendant shared with Sanchez. *See* Def.'s Mot. At 1. At 11:15 pm, Sanchez signed a consent to search form. *See* Ex. 1, Ex. 2 (Consent to Search). As Defendant admits in his motion, he was detained outside his home during the search. *See* Def.'s Mot. At 1-2, *see also* Ex. 1. While Defendant was detained outside the residence, SFO Dicomities searched the residence. He found and seized the following:

(1) two Dominican Republic passports bearing Defendant's name

(2) a Citizen Bank letter to Defendant,

(3) a Verizon phone bill bearing Sanchez's name,

(4) a letter from Management Realty Services Inc. to Sanchez,

(5) an I-765 form bearing Defendant's name, and

(6) a cellular telephone.

*See* Ex. 1. "No other items were located in the residence." *Id.* No other items were seized from the residence.[2] *See id.* Attached as Exhibit 3 is a Federal Bureau of Investigations log of the property taken from Defendant or his residence. *See* Ex. 3 (FBI Property Log). This log lists all of the items listed above and also indicates that two Dominican Republic identifications were at some point seized from Defendant's person. *See id.* At no point was any currency found on Defendant or in the residence. *See* Exs. 1 and 3. At no point was any currency seized from Defendant or from the residence. *See id.*

Defendant seeks the return of one lot of $ 4,000 in U.S. currency and one lot of $120 in U.S. currency. No currency was seized from Defendant or from the residence, and Defendant has not proffered any evidence to the contrary, aside from the unsupported representations in his motion. Moreover, Defendant's representations are not worthy of belief. He implies that Sanchez did not consent to the search. In fact, she did. *See* Ex. 3. Finally, had

[2] During the consensual search of the residence, a search warrant was issued for the residence. *See* Ex. 1.

currency been taken from Defendant, he would have received a receipt from the F.B.I. Defendant has presented no such receipt. In light of the only evidence before the Court, namely Exhibits 1, 2, and 3, it is plain that no currency was seized from Defendant or the residence. The Government respectfully requests that the Court deny Defendant's Motion with respect to the currency demand.

The Defendant also seeks the return of the passports as well as a Dominican driver license and some identification certificate. The license and certificate are presumably the Dominican Republic Identifications seized from Defendant's person. The Government does not object to the return of the passports and identifications and will mail these items to Ruth Castillo as requested by Defendant, if the Court so directs. Defendant has not sought the return of any of the remaining items – items (2) through (6) above. The Government needs to retain these particular items for ongoing investigations and possibility as evidence for future trials.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Milind M. Shah
MILIND M. SHAH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903
Office (401) 709-5000
Facsimile (401) 709-5001
milind.shah@usdoj.gov

Dated: February 22, 2008

CERTIFICATE OF SERVICE

On this 22nd day of February 2008, I caused the above Response to Defendant's Motion for Return of Property Pursuant to Rule 41(e) as well as thereto attached Exhibits 1, 2, and 3 to be filed electronically and it is available for viewing and downloading from the ECF system. On this date, I also mailed a copy of the Response and exhibits to Defendant Jose E. Castillo Mendez at Reg. No. 05712-070, MVCC, Unit B-5, 555 I Cornell Drive, Philisburg, Pennsylvania 16866.

/s/ Milind M. Shah

Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903
Office (401) 709-5000
Facsimile (401) 709-5001
milind.shah@usdoj.gov