UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 06-22-02 ML |
| | : | |
| JOSE ENRIQUE CASTILLO MENDEZ | : | |

**ORDER**
**SCHEDULING HEARING**
**AND FOR PARTIAL RETURN OF PROPERTY**

Before the Court is Defendant's Motion for Return of Property Pursuant to Rule 41(e) (Document ("Doc.") #43) ("Motion for Return of Property" or "Motion").[1] The Motion seeks the return of certain property, including a total of $4,120.00 in U.S. currency, which was allegedly seized from Defendant's residence on January 30, 2006, by Government agents. See Motion at 1. The Government has filed an objection to the Motion. See Government's Response to Defendant's Motion for Return of Property Pursuant to Rule 41(E)[] ("Objection"). In the Objection, the Government states that "[n]o currency was seized from Defendant or from the residence ...," id. at 2, and requests that "the Court deny Defendant's Motion with respect to the currency demand," id. at 3. However, "[t]he Government does not object to the return of the passports and identifications ...."

[1] Although the Motion for Return of Property states that it is brought pursuant to Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") 41(e), "[i]n 2002, Rule 41 was amended and reorganized. What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes." United States v. Cardona-Sandoval, No. 07-1748, 2008 WL 484040, at *4 n.5 (1st Cir. Feb. 25, 2008).

Id. at 4.

As the Court explained at the April 2, 2008, initial hearing on the Motion, in order to decide this matter a factual issue must be resolved, i.e., whether Government agents took any U.S. currency from Defendant's residence or person on January 30, 2006.[2] Because the Court is required by Federal Rule of Criminal Procedure 41(g)[3] to "receive evidence on any factual issue necessary to decide the motion," Fed. R. Crim. P. 41(g), the Court will conduct a further hearing on the Motion at **10:00 a.m. on Wednesday, April 30, 2008.** The purpose of the hearing is to receive evidence on the issue of whether Government agents seized any U.S. currency from Defendant's residence or person on January 30, 2006.

Defendant and the Government are advised that they may present testimony at the April 30th hearing and that a court interpreter will be available for that purpose. While the

---

[2] Defendant participated in this hearing via telephone.

[3] Fed. R. Crim. P. 41(g) states:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. **The court must receive evidence on any factual issue necessary to decide the motion.** If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g) (emphasis added).

parties may also submit affidavits or documentary evidence, see United States v. Cardona-Sandoval, No. 07-1748, 2008 WL 484040, at 3 (1st Cir. Feb. 25, 2008),[4] the Court's preference is for live testimony because of Defendant's limited English capabilities.

Defendant is specifically advised that if he believes that his wife, Ruth Castillo, or any other person has information about the U.S. currency which was allegedly seized, such person(s) should attend the April 30th hearing for the purpose of giving testimony. The hearing is his opportunity to present evidence in support of his allegation that the currency was seized. If any witness is unable to attend the hearing, an affidavit setting forth the witness's knowledge relative to the U.S. currency may be submitted.

Lastly, because the Government indicated at the March 18, 2008, hearing that it was willing to return to Defendant the two passports from the Dominican Republic and the two identification documents, the Court orders that the Government return these

---

[4] The United States Court of Appeals for the First Circuit has stated with regard to motions for the return of property pursuant to Fed. R. Crim. P. 41(g):

> We have not held and do not now hold that an evidentiary hearing is necessary. Affidavits or documentary evidence, such as chain of custody records, may suffice to support the district court's determination in a given case. But an evidentiary determination is necessary to ensure that there is sufficient evidence to support the court's decision.

United States v. Cardona-Sandoval, 2008 WL 484040, at *4 n.5.

items to Defendant within fourteen days of the date of this Order.[5] Subject to the provisions of footnote 5, the Government is ordered to mail these documents to:

Jose E. Castillo Mendez
Reg. No. 05712-070
M.V.C.C., Unit B-5
P.O. Box 2000
Philipsburg, PA 16866

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 3, 2008

[5] Defendant is presently serving a sentence in a federal correctional institution. If security regulations at the institution prohibit Defendant from possessing the passports and identification documents, the Government shall notify Defendant of this fact and ask him to designate another person, such as his wife, to receive the documents.