UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 06-22-02 ML |
| | : | |
| JOSE ENRIQUE CASTILLO MENDEZ | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendant's Motion for Return of Property Pursuant to Rule 41(e)[1] (Document ("Doc.") #43) ("Motion for Return of Property" or "Motion"). The Motion seeks the return of certain property, including a total of $4,120.00 in U.S. currency, which was allegedly seized from Defendant's residence on January 30, 2006, by Government agents. See Motion at 1. The Government filed a response to the Motion, stating that no currency was seized from Defendant Jose Enrique Castillo Mendez ("Defendant") or his residence, but that the Government had no objection to returning the other property sought by the Motion (i.e., passports and identification documents). See Government's Response to Defendant's Motion for Return of Property Pursuant to Rule 41(E)[] ("Objection") (Doc. #45) at 1.

An initial hearing on the Motion was conducted on April 2, 2008. Defendant participated via telephone because he is incarcerated in Philipsburg, Pennsylvania. Following the initial hearing, the Court issued an order scheduling a hearing for April 30, 2008, to receive evidence on the issue of whether Government

[1] Although the Motion for Return of Property states that it is brought pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), "[i]n 2002, Rule 41 was amended and reorganized. What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes." United States v. Cardona-Sandoval, 518 F.3d 13, 17 n.5 (1st Cir. 2008).

agents seized any U.S. currency from Defendant or his residence on January 30, 2006. See Order Scheduling Hearing and for Partial Return of Property ("Order of 4/3/08") at 2. The Order of 4/3/08 also required the Government to return to Defendant the passports and identification documents to which it did not object. See id. at 3-4.

The scheduled evidentiary hearing was conducted on April 30, 2008, and the Court heard evidence from Defendant, who again participated via telephone, and former Special Federal Officer ("SFO") Michael Dicomitis ("Mr. Dicomitis"). At the conclusion of the hearing, the Court stated that it would take the matter under advisement and issue a Report and Recommendation.[2] For the reasons stated herein, I recommend that to the extent that the Motion seeks the return of $4,120.00 in U.S. currency, it should be denied.

**Travel**

Defendant filed his pro se Motion on November 19, 2007. See Docket. The Government sought an extension of time within which to respond, explaining that the Motion was filed almost a year after judgment had been entered and additional time was needed to locate the relevant records and knowledgeable personnel. See Government's Motion to Extend Time to Respond to Defendant's Motion for Return of Property (Doc. #44). The extension was granted, and the Government's Objection was then timely filed on the February 22, 2008. See Docket.

---

[2] At least one court has held that a "U.S. magistrate does not have authority to decide a Rule 41(e) return of property motion, since it constitutes a motion to suppress evidence in a criminal case." In Re Search Warrants for 14 Straight Street, 117 F.R.D. 591, 595 n.1 (W.D. Mich. 1987). Although the present Motion cannot be deemed to constitute a motion to suppress evidence (because Defendant pled guilty to Counts 1 and 2 of the indictment and was sentenced in 2006), the Court believes it prudent to address the instant Motion by way of a report and recommendation.

**Law**

When criminal proceedings against a defendant have been completed and he seeks the return of property via a motion brought under Rule 41(g) of the Fed. R. Crim. P., the Court should treat the motion as a civil complaint. United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995); see also United States v. Gonzalez, 240 F.3d 14, 17 (1st Cir. 2001)("motions to return property filed under Rule 41(e) are treated as 'civil equitable proceedings' when criminal proceedings have been completed") (quoting Giraldo, 45 F.3d at 511 (quoting United States v. Martinson, 809 F.2d 1364, 1366-67 (9th Cir. 1987))); cf. Giraldo, 45 F.3d at 511 ("once criminal proceedings have ended, a pleading by a *pro se* plaintiff which is styled as a Rule 41(e) motion should be liberally construed as seeking to invoke the proper remedy.")(citing United States v. Woodall, 12 F.3d 791, 794 n.1 (8th Cir. 1993), abrogated in part on other grounds, Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694 (2002)).

Rule 41(g) provides that "[t]he court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g); see also United States v. Uribe-Londono, 238 Fed. Appx. 628, 630, 2007 WL 2048770, at *2 (1st Cir. 2007)(quoting previous version of Fed. R. Crim. P. 41(g)). However, an evidentiary hearing may not be necessary in all cases. See United States v. Cardona-Sandoval, 518 F.3d 13, 16 (1st Cir. 2008)("We have not held and do not now hold that an evidentiary hearing is necessary. Affidavits or documentary evidence, such as chain of custody records, may suffice to support the district court's determination in a given case."). Nevertheless, "an evidentiary determination is necessary to ensure that there is sufficient evidence to support the court's decision." Id.

**Standard of Proof**

Because Rule 41(g) proceedings are civil in nature, the

civil preponderance-of-the-evidence standard applies. United States v. Uribe-Londono, 238 Fed. Appx. at 630, 2007 WL 2048770, at *2.

**Hearing Evidence**

Defendant's testimony at the hearing can be concisely summarized. On January 30, 2006, federal agents detained Defendant on the first floor of 46[3] Priscilla Avenue in Providence, Rhode Island. While one agent remained with Defendant, three other agents went upstairs to Defendant's second floor apartment and searched it. Defendant did not witness the search, but apparently was informed of it when he was briefly brought upstairs prior to being taken away under arrest. About a week later, Defendant's wife visited him at his place of detention. She told Defendant that $4,000.00 in U.S. currency which had been in her purse in their bedroom and $120.00 which had been in a small box in the same bedroom were missing. Although Defendant's wife did not say that she saw the agents take the money, Defendant drew this conclusion. He stated that the money was in the purse and box before the apartment was searched and that it was gone afterwards. Defendant further indicated that only he and his wife had access to the apartment and that no one visited them.

Following his testimony, the Court asked Defendant at least twice if he had any additional evidence that he wished to present. On each occasion he responded that he did not.

The Government presented the testimony of Mr. Dicomitis, who is now employed as an intelligence analyst for the State of Rhode Island and Department of Homeland Security. Mr. Dicomitis

---

[3] In the Motion, Defendant states his residence at the time as 146 Priscilla Avenue. See Motion at 1. However, during the April 30, 2008, hearing, he agreed on cross-examination that the address was 46 Priscilla Avenue. See Tape of 4/30/08 Hearing.

testified to the following. In January of 2006, he was serving as a SFO while employed as a police officer for the Town of Coventry, Rhode Island. On January 30, 2006, he participated in the arrest of Defendant at 46 Priscilla Street. Mr. Dicomitis stayed with Plaintiff on the first floor while the other two officers, SFO Jon Theroux ("SFO Theroux") and F.B.I. Agent Raymond Mazzone ("Agent Mazzone") went upstairs to search Defendant's residence. SFO Theroux and Agent Mazzone asked Defendant's wife, Ruth Sanchez, for permission to search the residence. She consented and signed a consent to search form which was printed in English and Spanish. The residence was then searched. Near the bed in the master bedroom the officers located a tin box. It contained two Dominican Republic passports for Defendant, a letter from Citizen's Bank to Ruth Sanchez, a letter from Management Realty Services, Inc., to Sanchez, and an "I-765 Form." These items were seized. A cellular telephone was also seized from the bedroom. No currency was seized from the residence or from Defendant's person. Defendant was not present during the search.

Following the testimony of Mr. Dicomitis, the Government rested. The Court then again confirmed that Plaintiff had nothing additional to present in support of the Motion.

**Discussion**

In the Order of 4/3/08 the Court specifically stated that the purpose of the April 30, 2008, hearing was "to receive evidence on the issue of whether Government agents seized any U.S. currency from Defendant's residence or person on January 30, 2006." Order of 4/3/08 at 2. The Order of 4/3/08 further stated:

> Defendant is specifically advised that if he believes that his wife, Ruth Castillo, or any other person has information about the U.S. currency which was allegedly seized, such person(s) should attend the April 30th

> hearing for the purpose of giving testimony. The hearing is his opportunity to present evidence in support of his allegation that the currency was seized. If any witness is unable to attend the hearing, an affidavit setting forth the witness's knowledge relative to the U.S. currency may be submitted.

Order of 4/3/08 at 3.

Notwithstanding this specific advisement, Defendant did not have his wife appear at the hearing to give evidence as to her knowledge of the allegedly missing money. He did not even submit an affidavit from her so that the Court might at least have the benefit of a non-hearsay statement. Instead, Defendant has only given the Court hearsay testimony regarding what his wife allegedly told him when she visited him a week after the search. Even if the Court were to overlook the hearsay nature of this testimony, Defendant's wife apparently did not see either of the Government agents take the money. All she apparently knows is that it was there before they searched the apartment and that afterwards it was missing. However, there is no evidence as to the last time prior to the search that Ms. Sanchez saw the money in the purse and in the box, nor is there any definite evidence as to when she discovered the money was no longer in these locations. Although Defendant asserts that no one visited him and his wife and indicates that no one else had access to the purse and the box, the Court is unpersuaded that Plaintiff has established that the money was taken by any Government agent. As highlighted by the attorney for the Government on cross-examination, Defendant has no way of knowing if his wife spent the money and falsely told Defendant that it had been stolen.

In summary, the evidence Defendant has presented to support this claim that the Government agents took $4,120.00 from his residence on January 30, 2006, falls well short of a preponderance. Accordingly, to the extent that the Motion seeks the return of such money, it should be denied, and I so

recommend. To the extent that the Motion seeks the return of documents, it should be ruled moot as the Government represented at the April 30, 2008, hearing that it has complied with the Order of 4/3/08 and mailed the documents to Defendant.

**Conclusion**

For the reasons stated above, I recommend that the Motion be denied to the extent that it seeks the return of $4,120.00 in U.S. currency. To the extent that the Motion seeks the return of other documents, I recommend that it be ruled moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[4] days of its receipt. See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 6, 2008

[4] The ten days do not include intermediate Saturdays, Sundays, or holidays. See Fed. R. Civ. P. 6(a)(2).